# Exhibit 1

**Maryland Lottery and Gaming Control Commission**
Wes Moore, Governor

Montgomery Park Business Center
1800 Washington Blvd., Suite 330
Baltimore, Maryland 21230

Tel: 410-230-8800
TTY users call Maryland Relay
www.mdlottery.com

April 7, 2025

Sent via:
**U.S. mail restricted delivery**
**regular U.S. mail, postage prepaid**
**email to: support@kalshi.com and Legal@Kalshi.com**

KalshiEX LLC, dba Kalshi
594 Broadway #407
New York, NY 10012
Attention: Legal Counsel

**RE: Notice to Cease and Desist**

Dear Legal Counsel:

**By this notice, KalshiEX, LLC ("Kalshi") is directed to immediately cease and desist offering in Maryland its event contract "Will &lt;team&gt; win &lt;title&gt;?", and any other contract or product that provides an investing opportunity based on predicting the outcome of any sporting league play or any sporting event.**

Under Maryland law, a gaming activity is illegal unless it is expressly authorized in the Annotated Code of Maryland, Criminal Law Article ("Crim. Law"), Titles 12 and 13. The Maryland Lottery and Gaming Control Commission ("Commission") makes the State's final determination of whether gaming is operating legally. Crim. Law § 12-113. Sports wagering is an authorized gaming activity in Maryland that is legal only if it is offered and conducted as required by the State's Sports Wagering Law (State Government Article ("SG") § 9-1E-01, *et seq.*), under which:

(1) "Sports wagering" means "the business of accepting wagers on any sporting event by any system or method of wagering, including single-game bets, teaser bets, parlays, over-under, moneyline, pools, *exchange wagering*, in-game wagering, in-play bets, proposition bets, and straight bets." SG § 9-1E-01(j) (emphasis added). An exchange wager is "a wager in which a bettor wagers with or against another bettor through a sports wagering licensee." Code of Maryland Regulations ("COMAR") 36.10.01.02B(24).

(2) Sports wagering can be legally conducted or offered only by sports wagering licensees (SG § 9-1E-03(b)), that are "mobile sports wagering licensees" (SG § 9-1E-01(e)) or "sports wagering facility licensees" (SG § 9-1E-01(k)), who hold licenses issued by the Commission. The Commission publishes the State's list of licensed mobile sports wagering and sports wagering facility licensees at https://www.mdgaming.com/legal-vs-illegal-online-gaming/.

(3) "Sporting event" includes most professional, collegiate, Olympic, and international athletic events. SG § 9-1E-01(i).

(4) Wagers can be placed only on sporting events approved by the Commission. SG § 9-1E-04(b)(6)(ii); COMAR 36.10.14.01. The Commission publishes its catalog of approved wagers at https://www.mdgaming.com/maryland-sports-wagering/ under "Catalog of Approved Events and Wagers".

(5) The Commission is required to ensure that sports wagering in Maryland is conducted legally and account for its proceeds. SG §§ 9-1E-04, 9-1E-12.

Everett D. Browning, Sr., Chair
E. Randolph Marriner, Vice Chair; Commissioners: Ade Adebisi, Diane Croghan, George L. Doetsch, Jr., Harold E. Hodges, James J. Stakem

April 7, 2025
Kalshi Cease and Desist
Page 2

As described in Kalshi's January 22, 2025 letter ("Letter") to the U.S. Commodity Futures Trading Commission ("CFTC"), Kalshi will offer the "Will <team> win <title>?" Contract ("the Contract"), which "is a contract relating to American sport leagues." Letter, p.2. "The Contract operates similar to other event contracts that the Exchange lists for trading." *Id*. Contracts are purchased for a fee, purchasers "are able to adjust their positions and trade freely," and after the market closes, purchasers are paid out according to outcomes. *Id*.

The Kalshi Contracts "relate to American sports leagues," and are purchased based on a prediction or belief that a specific outcome will occur; *i.e.*, that a certain team will win a certain game, title, etc. The outcome of a sporting event is the basis for determining whether payment will be made to the purchasers of the Contract. For this reason, the purchase of the Contract is indistinguishable from the act of placing a sports wager.

Kalshi Contracts are currently available for purchase in Maryland at https://kalshi.com/. Kalshi is conducting business in the State of Maryland. However, a search on the State Department of Assessment and Taxation's business entity search for the "Kalshi" name results in a response that "the business name you entered was not found." If in fact Kalshi is not registered with SDAT, it would be in violation of Business Regulation § 14-113, Annotated Code of Maryland, which requires that "[a] person may not sell or offer to sell any business opportunity in the State or to any prospective buyer in the State unless the business opportunity is registered under this subtitle."

Kalshi is operating in Maryland and is offering and conducting what is, in fact, wagering on sporting events. However, Kalshi does not hold a sports wagering license issued by the Commission, its wagers have not been approved by the Commission, and it is not otherwise authorized under Maryland law to offer wagers on sporting events. For reasons that include the foregoing, we direct Kalshi to immediately cease and desist these illegal offerings in Maryland. Please let us know within 15 days of the date of this letter that Kalshi has complied with this notice. If there are questions, please contact the Agency's Managing Director of Gaming, Michael Eaton, at michael.eaton@maryland.gov or 410-230-8821.

Sincerely,

John A. Martin, Secretary
Maryland Lottery and Gaming Control Commission

cc: Michael Eaton, Managing Director of Gaming
    Holly Citko, Principal Counsel, Office of the Attorney General of Maryland
    Comptroller's Office of Maryland