**Exhibit 2**

| | |
|---|---|
| **From:** | Michael Eaton -MLGCA- |
| **To:** | Grewal, Gurbir |
| **Cc:** | Cook, Andrew; john.martin@maryland.gov; Sterling, Josh; Havemann, Will |
| **Subject:** | Re: [EXT] Re: Kalshi |
| **Date:** | Monday, April 21, 2025 3:41:14 PM |
| **Attachments:** | image002.png |

I'm following up on the message you left regarding our cease and desist request. As outlined in our previous correspondence, you have until April 22, 2025, to confirm whether you will comply with the cease and desist letter or if you intend to continue.

Please note that we will take appropriate actions based on your response.

Regards,
Michael

On Mon, Apr 21, 2025 at 2:36 PM Grewal, Gurbir <ggrewal@milbank.com> wrote:

> Mr. Eaton, thank you for your prompt response. We just called you but were unable to connect. We would appreciate an opportunity to speak with you before 3 p.m. today given tomorrow's compliance deadline. Getting your assurance about maintaining the status quo would avoid the need to seek emergency relief, which we hope to avoid both for the sake of the parties and the court. You can reach me at the below number or at my cell at 201.290.6162.
>
> Gurbir S. Grewal | Milbank | Partner
>
> 55 Hudson Yards | New York, NY 10001-2163
>
> T: +1 212.530.5775
>
> ggrewal@milbank.com | milbank.com
>
> **From:** Michael Eaton -MLGCA- <michael.eaton@maryland.gov>
> **Sent:** Monday, April 21, 2025 2:12 PM
> **To:** Cook, Andrew <andrew.cook@orrick.com>
> **Cc:** john.martin@maryland.gov; Grewal, Gurbir <ggrewal@milbank.com>; Sterling, Josh <jsterling@milbank.com>
> **Subject:** [EXT] Re: Kalshi

We have received your response. We'll review internally and get back to you.

On Mon, Apr 21, 2025 at 1:38 PM Cook, Andrew <andrew.cook@orrick.com> wrote:

Dear Secretary Martin and Mr. Eaton,

We write in response to your letter ordering Kalshi to "immediately cease and desist" offering sports-event contracts in Maryland. We had hoped to speak with you and your staff about this matter but are responding by email in accordance with your request that we respond in writing before meeting with us.

The demand in your cease-and-desist letter implicates the very same issues being litigated in federal court in Nevada in a case where Kalshi recently successfully obtained a preliminary injunction enjoining enforcement of state law as preempted by laws duly enacted by the Congress of the United States. Out of respect for both Congress and the courts, and at this delicate time where these issues are at the forefront of public attention, we hope you will be willing to preserve the status quo and agree not to commence any enforcement action against Kalshi pending the outcome of the Nevada litigation, which will be directly relevant to the issues raised in your letter.

At minimum, we would appreciate the opportunity to speak with you about this matter before you take any action to alter the status quo.

By way of background, Kalshi is a "designated contract market" regulated by the Commodity Futures Trading Commission (CFTC). Accordingly, a federal statute called the Commodity Exchange Act provides that Kalshi's contracts are subject to the "exclusive jurisdiction" of the CFTC. 7 U.S.C. § 2(a). The CFTC has authorized Kalshi's sports-event contracts under federal law. This means that state efforts to regulate or prohibit those same contracts are preempted under the Supremacy Clause of the U.S. Constitution.

The U.S. District Court for the District of Nevada recently agreed with this conclusion in litigation brought by Kalshi involving a similar demand that Kalshi cease its event contracts in Nevada. The court concluded that the Commodity Exchange Act's "plain and unambiguous language" preempts state efforts to regulate contracts "on exchanges that the CFTC has designated," including Kalshi. KalshiEx, LLC v. Hendrick, No. 2:25-CV-00575, 2025 WL 1073495, at *5 (D. Nev. Apr. 9, 2025). The court specifically referred to other states' similar efforts to regulate Kalshi's contracts, noted that they raise the prospect of a patchwork of inconsistent regulation, and

explained that "[p]reventing the difficulties that would create is the reason Congress granted the CFTC exclusive jurisdiction over CFTC-designated exchanges." Id. at *7.

As the Nevada decision and the underlying federal law establish, Maryland lacks authority to regulate or prohibit Kalshi's event contracts. At the very least, the Nevada decision raises serious questions about Maryland's authority to order Kalshi to cease offering contracts the CFTC has approved. In a spirit of accommodation, we therefore hope you will agree to preserve the status quo and forbear any enforcement against Kalshi pending the outcome of the proceedings in Nevada. At minimum, we hope you will agree to preserve the status quo until we have an opportunity to speak with you.

Given the cease-and-desist letter's deadline of tomorrow, please let us know as soon as you are able if you will agree to preserve the status quo pending further discussion with us regarding these matters. Your agreement to preserve the status quo would avoid any need to burden a Maryland court with emergency litigation involving the same issues now under review in Nevada.

Thank you,

Andy

**Andrew Cook**
Partner

Orrick
Washington, DC
T +1-202-339-8597
M +1-608-219-4632
andrew.cook@orrick.com



**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete

this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit http://www.orrick.com.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

--

Michael Eaton, CPA, CIA
Managing Director, Gaming
Maryland Lottery and Gaming
1800 Washington Blvd., Suite 330
Baltimore, MD 21230
michael.eaton@maryland.gov
(410) 230-8821
mdgaming.com | Facebook | Twitter

*"Don't wish for life to be easier. Will yourself to be stronger."*

*Maryland Lottery and Gaming contributed $1.585 billion to the State of Maryland in FY2024. Please play responsibly.*

Click here to complete a two-question customer experience survey.

================================================== IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Milbank LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor. ================================================== This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s),

you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

--

**Michael Eaton, CPA, CIA**
Managing Director, Gaming
Maryland Lottery and Gaming
1800 Washington Blvd., Suite 330
Baltimore, MD 21230
michael.eaton@maryland.gov
(410) 230-8821
mdgaming.com | Facebook | Twitter

*"Don't wish for life to be easier. Will yourself to be stronger."*

*Maryland Lottery and Gaming contributed $1.585 billion to the State of Maryland in FY2024. Please play responsibly.*

Click here to complete a two-question customer experience survey.