IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KALSHIEX LLC,<br>    *Plaintiff* | * | Case No.: 1:25-cv-01283-ABA |
| | * | |
| vs. | | |
| | * | |
| John A. Martin, et al.,<br>    *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## JOINT STATUS REPORT

At the May 28, 2025 hearing in this matter, the Court requested supplemental briefing to address the issue of Plaintiff's prior statements in *KalshiEX LLC v. Commodity Futures Trading Comm'n*, No. CV 23-3257 (JMC), 2024 WL 4164694, at *1 (D.D.C. Sept. 12, 2024), *dismissed*, No. 24-5205, 2025 WL 1349979 (D.C. Cir. May 7, 2025) and *KalshiEX LLC v. Commodity Futures Trading Comm'n*, 119 F.4th 58 (D.C. Cir. 2024), allowed the parties to supplement their prior briefing and argument with anything else they believe should be brought to the court's attention, and requested that the parties indicate how they believed this matter should proceed once a ruling on Plaintiff's Motion for Preliminary Injunction has been issued.

In response to the request for supplemental briefing, the parties propose:

1. On Friday, June 13, 2025, both parties will submit an initial brief of no more than 30 pages addressing the Court's specific request and any other supplementation.

2. On Wednesday, June 25, 2025, both parties will submit responses of no more than 15 pages to the opposing parties' June 13, 2025 submissions.

The parties differ on how the matter should proceed once a ruling on Plaintiff's Motion for Preliminary Injunction has been issued. The parties provide their positions below.

**Plaintiff's Position**:

Kalshi's position regarding further proceedings will depend on the Court's disposition of the Motion for a Preliminary Injunction. If the Court grants a preliminary injunction, Kalshi believes this matter can proceed on dispositive motions without the need for discovery. "Whether a state law is preempted by federal law is a legal question." *Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 320 (4th Cir. 2012). And the harms Kalshi has identified are irreparable as a matter of law. *See Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 103 (4th Cir. 2022) (holding in a preemption case that "the prospect of an unconstitutional enforcement supplies the necessary irreparable injury") (quotation marks omitted); *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 362 (4th Cir. 1991) (holding in an *Ex Parte Young* case that harm is irreparable where sovereign immunity would bar recovery of monetary damages); *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (harm is irreparable where "sovereign immunity likely would bar the [plaintiff] from recovering monetary damages"). If, by contrast, the Court finds at the preliminary-injunction stage that Kalshi has not shown a likelihood of irreparable harm, Kalshi would reserve the right to engage in further factual development to address any deficiencies identified by the Court. In either event, after the preliminary-injunction motion is resolved, Kalshi respectfully requests that the Court provide the parties an opportunity to brief the question whether further factual development is warranted.

**Defendants' Position**:

The Defendants believe that discovery is necessary to discover facts related to the operation of Kalshi's gaming platform as compared to a traditional sportsbook, Plaintiff's claims of conflict preemption and that Plaintiff will suffer irreparable harm. The Defendants propose the following discovery timelines and deposition limitations; all dates refer to the Court's ruling on Plaintiff's Motion for Preliminary Injunction:

1. The parties' initial disclosures are due 14 days after the ruling;

2. Plaintiff's Rule 26(a)(2) expert designations are due 60 days after the ruling;

3. Defendant's Rule 26(a)(2) expert designations are due 90 days after the ruling;

4. Discovery to be completed nine months after the ruling;

5. Dispositive Motions to be filed ten months after the ruling; and

6. The parties are limited to 16 hours of depositions for non-expert witnesses.

May 29, 2025

|  |  |
|---|---|
|  | ANTHONY G. BROWN |
|  | Attorney General of Maryland |
| /s/ | /s/ |
| Neal Kumar Katyal (D. Md. Bar No. 21694) | Erik J. Delfosse (D. Md. Bar No. 18881) |
| Joshua B. Sterling (*pro hac vice*) | Assistant Attorney General |
| William E. Havemann (D. Md. Bar No. 19164) | Maryland Lottery and Gaming Control Agency |
| Milbank LLP | 1800 Washington Boulevard; Suite 330 |
| 1850 K Street, Suite 1100 | Baltimore, Maryland 21230 |
| Washington D.C. 20006 | erik.delfosse@maryland.gov |
| Telephone: 202-835-7505 | Telephone: 410-230-8726 |
| Facsimile: 213-629-5063 |  |
|  | Max F. Brauer (D. Md. Bar No. 30162) |
| Mackenzie Austin (*pro hac vice*) | Assistant Attorney General |
| Milbank LLP | Securities Division |
| 2029 Century Park East, 33rd Floor | 200 Saint Paul Place; 25th Flr. |
| Los Angeles, California 90067 | Baltimore, Maryland 21202 |
| Telephone: 424-386-4000 | mbrauer@oag.state.md.us |
| Facsimile: 213-629-5063 | Telephone:  410-576-6950 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |