UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KALSHIEX LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br>JOHN A. MARTIN, et al.<br><br>*Defendants*. | Case No. 25-cv-1283-ABA<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF** |

Kalshi respectfully files this opposition to the non-party tribal organizations' motion for leave to file an *amicus* brief. Dkt. No. 39. As courts in this district routinely recognize, motions for leave to file *amicus* briefs "at the trial level . . . should not be granted unless the court deems the proffered information timely and useful." *E.g.*, *Finkle v. Howard County*, 12 F. Supp. 3d 780, 783 (D. Md. 2014) (quoting *Bryant v. Better Business Bureau of Greater Md.*, 923 F. Supp. 720, 728 (D. Md.1996)) (quotation marks omitted). Putative amici's submission fails on both counts.

Putative amici recognize that their proposed filing is untimely under Local Rule 105.12(e), which provides that *amicus* briefs "must be filed" "no later than seven days after the filing of the principal brief of the party being supported" unless the Court provides otherwise. Here, the brief comes more than a month after Defendants' opposition to Kalshi's preliminary injunction motion, and after this Court heard argument. This is far "too late" for the Court to consider the brief in

1

resolving Kalshi's motion.  *See Finkle*, 12 F. Supp. 3d at 783 (denying leave to file untimely *amicus* brief).

Putative amici suggest their brief may yet be appropriate given this Court's supplemental briefing order.  Mot. 2.  But the lodged brief would still be untimely even if Defendants' supplemental submission served as the relevant "principal brief."  If putative amici were permitted to file a brief at this late stage, Kalshi would have less than 48 hours before its supplemental response brief is due to respond to the material putative amici now raise.

In addition, the lodged brief would not be useful to the Court.  Putative amici appear to represent out-of-state tribal interests with no clear stake in whether Kalshi must comply with Maryland gaming laws during the pendency of this litigation—the question before the Court on Kalshi's preliminary injunction motion.  Nor do they identify "additional arguments" in the lodged brief that Defendants have not already raised.  *See* Mot. 5.  Rather, they simply expand upon arguments presented in Defendants' briefs.  *See, e.g.*, Prop. Br. 10-13 (discussing interaction between the CEA and IGRA); Defs' Suppl. Br., Dkt. No. 37 at 28-29 (same).  That type of brief, which merely "extend[s] the length" of a litigant's own submissions, is disfavored.  *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, J., in chambers).

Kalshi wishes to be accommodating of parties claiming an interest in the ongoing preemption litigation, and has consented to all *amicus* briefs in the now-pending Third Circuit appeal.  But this putative *amicus* brief is untimely and unhelpful.  Kalshi respectfully requests that the Court deny the motion.

Dated this 24th day of June, 2025.            /s/ *Neal Kumar Katyal*
                                              _____
                                              Neal Kumar Katyal (D. Md. Bar No. 21694)
                                              Joshua B. Sterling (pro hac vice)
                                              William E. Havemann (D. Md. Bar No. 19164)
                                              Milbank LLP
                                              1850 K Street, Suite 1100
                                              Washington D.C. 20006
                                              Telephone: 202-835-7505
                                              Facsimile: 213-629-5063

                                              ATTORNEYS FOR PLAINTIFF