UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KALSHIEX LLC,<br><br>*Plaintiff*,<br><br>vs.<br><br><br>JOHN A. MARTIN, *et al.*<br><br>*Defendants*. | Case No.: 25-cv-1283-ABA |

Plaintiff KalshiEX LLC ("Kalshi") respectfully submits this response to Defendants' Notice of Supplemental Authority, ECF No. 66, regarding the Fourth Circuit's recent decision in *GenBioPro, Inc. v. Raynes*, --- F.4th ---, No. 23-2194, 2025 WL 1932936 (4th Cir. July 15, 2025). The Fourth Circuit found that the Food and Drug Administration Amendments Act does not preempt a West Virginia law restricting access to the abortion drug mifepristone. This decision supports Kalshi, not Defendants.

The Fourth Circuit rejected preemption because it found nothing in the text of the federal statute that "vested the FDA with the exclusive authority to regulate access to mifepristone." *Id.* at *1. Here, in sharp contrast, the text of the Commodity Exchange Act grants the CFTC "exclusive jurisdiction" to regulate trading on federally regulated derivatives markets, 7 U.S.C.§ 2(a)—exactly the sort of textual evidence of preemption missing in *GenBioPro*. The Fourth Circuit also recognized that field preemption may apply where the statute indicates "the importance of 'uniform standards.'" *Id.* at *7. Here, the purpose of the CEA's exclusive-jurisdiction provision was to bring "all exchanges" "under the same set of rules." H.R. Rep. No. 93-975, at 79 (1974).

1

The Fourth Circuit also rejected preemption in *GenBioPro* because the relevant state and federal laws *"operate in different fields."* 2025 WL 1932936, at *6. The state law at issue "determines whether an abortion may be performed at all," while the federal statute "permits the FDA to regulate" how abortion medication is "prescribed and dispensed *if and when* a medication abortion is performed." *Id.* Here, the state and federal laws unquestionably operate in the same field—the regulation of trading on federally regulated derivatives markets—confirming that conflicting state laws are preempted.

The Fourth Circuit in *GenBioPro* cited a savings clause "indicating that the state drug regulations were only preempted if there was a 'direct and positive conflict' with the statute," which is "powerful evidence" against preemption. *Id.* at *8. By contrast, the CEA's savings clause includes a proviso preserving the jurisdiction of state authorities "*[e]xcept as hereinabove provided*" by the grant of exclusive jurisdiction to the CFTC. 7 U.S.C. § 2(a)(1)(A) (emphasis added). Congress added this proviso to make clear that "the Commission's jurisdiction, where applicable, supersedes State as well as Federal agencies." S. Rep. 93-1131, at 5848 (1974).

| | |
|---|---|
| Dated this 18th day of July, 2025. | /s/ *Neal Kumar Katyal* |
| | Neal Kumar Katyal (D. Md. Bar No. 21694) |
| | Joshua B. Sterling (pro hac vice) |
| | William E. Havemann (D. Md. Bar No. 19164) |
| | Milbank LLP |
| | 1850 K Street NW, Suite 1100 |
| | Washington D.C. 20006 |
| | Telephone: 202-835-7505 |
| | Facsimile: 213-629-5063 |
| | |
| | ATTORNEYS FOR PLAINTIFF |